

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| CENTRAL WYOMING NEUROSURGERY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BARTA-ISO AVIATION, EAGLE CREEK AVIATION SERVICES, and JETSTREAM ESCROW & TITLE SERVICE, INC., <br><br> Defendants. | Case No. 13–CV–77–ABJ |

## OPINION AND ORDER GRANTING JETSTREAM'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Central Wyoming Neurosurgery contracted with Barta-Iso Aviation to buy an airplane. Under the contract, the parties agreed to use Jetstream Escrow & Title Service (an Oklahoma company) as their escrow agent. When Jetstream allegedly disbursed funds from the escrow account without authorization, CWN sued Jetstream for breach of contract. Jetstream has now moved to dismiss for lack of personal jurisdiction. Because Jetstream lacks minimum contacts with Wyoming, the Court agrees that it lacks personal jurisdiction over Jetstream and therefore **GRANTS** Jetstream's motion.

## FACTS

Central Wyoming Neurosurgery (CWN) is a Wyoming limited liability company with its principal place of business in Wyoming. It's a medical practice comprised of doctors who frequently travel great distances to treat a variety of brain, spinal cord, spinal column, peripheral nerve, and carotid artery abnormalities. Because the doctors travel so much, CWN wanted to buy an airplane.

To that end, CWN contracted with Barta-Iso Aviation to buy one. Specifically, CWN agreed to pay Barta-Iso $750,000 for a 1980 King Air 200, and it agreed to pay an additional $345,000 for Barta-Iso to make repairs to the King Air. The parties also agreed to use Jetstream Escrow & Title Service as their escrow agent. Jetstream is an Oklahoma corporation with its principal place of business in Oklahoma.

The other salient terms of the contract are these. After signing the contract, CWN agreed to wire $125,000 to Jetstream to be held in escrow. CWN would then conduct a logbook review of the King Air and, if satisfied, would notify Barta-Iso that it accepted the King Air. At that point, Barta-Iso would have ninety days to complete the repairs called for under the contract. Once those repairs were finished, the parties agreed that within five days CWN would make full payment, including release of the funds from escrow, and Barta-Iso would deliver the King Air.

Initially, everything went smoothly. After CWN signed the contract, Jetstream sent CWN wire transfer instructions and CWN wired $125,000 to Jetstream. CWN also conducted the logbook review of the King Air and notified Barta-Iso of its acceptance. But then things went haywire. Barta-Iso allegedly failed to make the repairs within the ninety-day deadline and failed to deliver the King Air. Further, Jetstream released the $125,000 to Barta-Iso even though, according to CWN, the conditions precedent to that release were not satisfied. On that score,

CWN brought suit against Jetstream for breach of contract, alleging Jetstream disbursed the escrow funds without authorization.

Jetstream has now filed a motion to dismiss for lack of personal jurisdiction, arguing that this Court cannot exercise personal jurisdiction over it because it lacks minimum contacts with Wyoming. CWN argues that the following contacts between Jetstream and Wyoming are sufficient to sustain personal jurisdiction: (1) Jetstream contracted with CWN, a Wyoming company; (2) Jetstream received $125,000 wired from Wyoming; and (3) Jetstream and CWN communicated on a handful occasions regarding the escrow account. In the alternative, CWN has asked the Court to allow limited jurisdictional discovery before ruling on Jetstream's motion.

The Court will discuss the rules governing personal jurisdiction before turning to their application in this case. Next, the Court will discuss CWN's request for jurisdictional discovery. A brief conclusion follows.

## DISCUSSION

### I.   The Law of Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction. *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995). But the plaintiff need only make a prima facie showing of personal jurisdiction if the district court entertains the motion based on the complaint, affidavits, and other written materials. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). The plaintiff can make such a showing by demonstrating facts that if true would support jurisdiction over the defendant. *AST Sports Sci., Inc. v. CLF Distribution, Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). The court takes as true all well-pleaded facts in the complaint and resolves all factual disputes in the plaintiff's favor. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

In a diversity action, to establish that a court has personal jurisdiction over a nonresident defendant, the plaintiff must show that the court's exercise of personal jurisdiction would be consistent with both the forum state's long-arm statute and the Due Process Clause. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). But because Wyoming's long-arm statute confers the maximum jurisdiction permissible consistent with due process, here the personal jurisdiction issue collapses into a single analysis under the Due Process Clause. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010).

Regarding the limits due process imposes on a court's exercise of personal jurisdiction, the Supreme Court has held that "a court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A nonresident defendant's contacts with the forum state can give rise to either general or specific personal jurisdiction. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

General jurisdiction means jurisdiction "over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984). To satisfy the minimum-contacts test for general jurisdiction, the nonresident defendant's contacts with the forum state must be so continuous and systematic as to render the defendant essentially at home in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Specific jurisdiction, on the other hand, means jurisdiction "based on a person's minimum contacts with the forum state when the claim arises out of or is related to those contacts." *Black's Law Dictionary* 931 (9th ed. 2009). To satisfy the minimum-contacts test for

specific jurisdiction, the nonresident defendant must have purposefully directed its activities at residents of the forum state and the claim against the defendant must arise out of those activities. *Dudnikov*, 514 F.3d at 1071. Thus, for specific jurisdiction, "a court properly focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (internal quotation marks omitted).

Here, CWN makes no argument that Wyoming has general jurisdiction over Jetstream. Thus, the Court will confine its discussion to specific jurisdiction.

## II. Specific Personal Jurisdiction over Jetstream

This Court rarely can resolve an issue based solely on a Tenth Circuit decision that addressed the same issue on mirrored facts. But happily, this is such a case. The Tenth Circuit's decision in *Soma Medical International v. Standard Chartered Bank*, 196 F.3d 1292 (10th Cir. 1999), is on all fours here.

In *Soma*, the plaintiff (a Utah-based company) brought a breach of contract claim against the defendant (a British bank) in federal district court in Utah, alleging the defendant had disbursed funds from the plaintiff's Hong Kong bank account without proper authorization. *Id.* at 1294–95. The plaintiff argued that the court had personal jurisdiction over the defendant based on the following contacts: (1) the defendant had contracted with the plaintiff, a Utah-based company; (2) the defendant had received funds wired from Utah; and (3) the defendant had communicated with the plaintiff concerning the account on multiple occasions. *See id.* at 1299.

The Tenth Circuit concluded that those contacts were insufficient to support personal jurisdiction over the defendant. *Id.* at 1299 & n.1. The court reasoned that the contract with the plaintiff was insufficient because the plaintiff had failed to demonstrate that the defendant had solicited the plaintiff's business. *See id.* at 1299. The court further reasoned that the defendant's

other contacts with Utah—the wired funds and communications—were insufficient as well. *See id.*

*Soma* thus held that a court lacks specific personal jurisdiction over a nonresident defendant if the defendant's contacts with the forum state consist of the following: (1) the defendant contracted with a forum resident but did not solicit the resident's business; (2) the defendant received funds wired from the forum state; and (3) the defendant communicated with the resident on several occasions concerning the contract. *See id.* at 1299 & n.1. That holding applies squarely to the facts here.

CWN's argument for personal jurisdiction over Jetstream mirrors the argument the plaintiff made and the Tenth Circuit rejected in *Soma*. Just as the plaintiff in *Soma* argued for personal jurisdiction based on the defendant's contract with a Utah company, receipt of funds wired from Utah, and communications with the plaintiff concerning the account, CWN argues for personal jurisdiction based on Jetstream's contract with a Wyoming company, receipt of $125,000 wired from Wyoming, and communications with CWN concerning the escrow account. Further, just as the plaintiff in *Soma* failed to demonstrate that the defendant solicited the plaintiff's business in Utah, CWN has failed to demonstrate that Jetstream reached out to CWN in Wyoming. Indeed, the record suggests CWN and Barta-Iso decided to use Jetstream as their escrow agent without even involving Jetstream in that decision. *See* Compl. Ex. C at 3–4, ECF No. 1-1. And Jetstream's other contacts with Wyoming are even weaker than the defendant's other contacts in *Soma*. Unlike in *Soma*, where the defendant received multiple wire transfers from Utah and communicated with the plaintiff in Utah on several occasions, Jetstream received only a single wire transfer from Wyoming and CWN alleges only a handful of communications between itself and Jetstream.

In sum, the Tenth Circuit concluded in *Soma* that the defendant lacked minimum contacts with the forum state based on facts that mirror the facts here. Following *Soma*, the Court concludes Jetstream lacks minimum contacts with Wyoming. As a result, the Court lacks personal jurisdiction over Jetstream.

### III.    Jurisdictional Discovery

Before cutting Jetstream loose for lack of personal jurisdiction, CWN has urged the Court to allow it limited jurisdictional discovery so that it can have another shot at establishing Jetstream's minimum contacts with Wyoming. Generally, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). However, whether to grant jurisdictional discovery is a matter of discretion for the district court. *Id.* The party seeking jurisdictional discovery bears the burden of demonstrating (1) a legal entitlement to it and (2) how the party would be harmed by a denial of jurisdictional discovery. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012). Here, the Court denies CWN's discovery request for three reasons.

First, CWN has failed to specify what it hopes to uncover in discovery. The Tenth Circuit has stated that a district court does not abuse its discretion when it denies a general, unsupported motion for jurisdictional discovery. *World Wide Ass'n of Specialty Programs & Sch. v. Houlahan*, 138 F. App'x 50, 52 (10th Cir. 2005). And a "general, unsupported motion" aptly describes CWN's request here, which consists of two short paragraphs in its response to Jetstream's motion offering no greater specificity than "[l]imited jurisdictional discovery would establish whether Jetstream had purposefully availed itself of the privilege of conducting activities within Wyoming." Pl.'s Resp. 22, ECF No. 29; *cf. Grynberg*, 490 F. App'x at 104

(affirming the district court's denial of jurisdictional discovery, in part, because "[t]he plaintiffs do not tell us what specific documents they would have sought in discovery" (internal quotation marks omitted)).

Second, CWN has failed to demonstrate how discovery might alter the Court's conclusion on personal jurisdiction. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004) ("Given the very low probability that the lack of discovery affected the outcome of this case we find no abuse of the district court's discretion.").

Third, CWN has failed to demonstrate how it would be prejudiced by denial of jurisdictional discovery. The Tenth Circuit has held that denial of jurisdictional discovery constitutes an abuse of discretion when the denial results in prejudice to a litigant. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). Prejudice exists "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006). Here, the parties do not dispute the material facts relevant to the personal jurisdiction issue, and CWN has given the Court no reason to believe that additional facts are necessary for a proper resolution of Jetstream's motion. *Cf. NovaCare, LLC v. SelectMark, Inc.*, No. 2:11-CV-349 TS, 2011 WL 5574954, at *5 (D. Utah Nov. 16, 2011) (denying jurisdictional discovery where the plaintiff failed to show how discovery would be productive or useful in determining the personal jurisdiction issue); *McNeill v. Geostar*, No. 2:06-CV-911TS, 2007 WL 1577671, at *3 (D. Utah May 29, 2007) (denying jurisdictional discovery where the plaintiff failed to identify what he sought in discovery or why it would be fruitful to the personal jurisdiction issue).

## CONCLUSION

The Court lacks personal jurisdiction over Jetstream because Jetstream lacks minimum contacts with Wyoming. The Court therefore **GRANTS** Jetstream's motion and **DISMISSES** CWN's claims against Jetstream **WITHOUT PREJUDICE**. The Court **DENIES** CWN's request for jurisdictional discovery.

Dated this 6th day of June, 2013.

*Alan B. Johnson*
Alan B. Johnson
United States District Judge